N O T E : C H A N G E S   M A D E   B Y   T H E   C O U R T

1  Brandon S. Reif (SBN 214706)
Gabriel Z. Reynoso (SBN 234027)
2  Richard P. Tricker (SBN 101460)
**WINGET SPADAFORA & SCHWARTZBERG LLP**
3  1900 Avenue of the Stars, Suite 450
Los Angeles, CA 90067
4  Telephone:  310.836.4800
Facsimile:  310.836.4801

5

6  Attorneys for Defendant
ZENITH AMERICAN SOLUTIONS, INC.

7

8  UNITED STATES DISTRICT COURT

9  CENTRAL DISTRICT OF CALIFORNIA

10

11  JAMES SCOTT LOWE, et al.          Case No.  2:15-CV-04650-RGK
                                                (JPRx)
12                        Plaintiffs,

13         vs.                                    Assigned for all purposes to Honorable
                                                  R. Gary Klausner
14  INTERNATIONAL ALLIANCE
OF THEATRICAL STAGE
15  EMPLOYEES LOCAL 33, et al.,      **STIPULATED PROTECTIVE
                                              ORDER**
16                        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

WHERAS, this action is likely to involve production of confidential, proprietary and private information, including but not limited to financial information, proprietary contracts and business information, and other commercial information, for which special protection from public disclosure is warranted;

WHEREAS, the parties, without waiving the privacy, confidentiality, sensitivity or proprietary nature of such information, wish to have access to such material for the sole purpose of prosecuting, defending and attempting to resolve this action;

WHERAS, such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, the disclosure of which could result in irreparable harm to the parties;

WHEREAS, the parties wish to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice;

WHEREAS, the parties hereby acknowledge that the proposed Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from

STIPULATED PROTECTIVE ORDER

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and

WHEREAS, the parties acknowledge that the proposed Stipulated Protective Order does not entitle them to file confidential information under seal; rather, Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

NOW, THEREFORE, the parties hereby stipulate as follows:

**1.** DEFINITIONS

1.1.   Action: Shall refer to and mean the above-captioned action, including any subsequent counterclaims or cross-claims.

1.2.   Challenging Party:  Shall refer to and mean a Party or Non-Party that challenges the designation of information or items under this Order.

1.3.   "CONFIDENTIAL" Information or Items:  Shall refer to and mean information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

1.4.   Counsel:  Shall refer to and mean Outside Counsel of Record and House Counsel (as well as their support staff).

1.5.   Designating Party:  Shall refer to and mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.6.   Disclosure or Discovery Material:  Shall refer to and mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other

things, testimony, transcripts, documents, electronic data, and tangible things), that are produced, generated or uncovered during depositions, in responses to discovery requests propounded in this matter, or any other proceedings in this Action.

1.7.   Expert:  Shall refer to and mean a person with specialized knowledge or expertise in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1.8.   House Counsel:  Shall refer to and mean attorneys who are employees or a Party to this Action; House Counsel shall not include Outside Counsel of Record or any other outside counsel.

1.9.   Non-Party:  Shall refer to and mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.10. Outside Counsel of Record:  Shall refer to and mean attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with or cooperating with a law firm which has appeared on behalf of that Party, and includes support staff.

1.11. Party:  Shall refer to and mean any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, House Counsel (and their support staffs) and Outside Counsel of Record (and their support staffs).

1.12. Producing Party:  Shall refer to and mean a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

- 3 -
STIPULATED PROTECTIVE ORDER

1.13. Professional Vendors:  Shall refer to and mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

1.14. Protected Material:  Shall refer to and mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.15. Receiving Party:  Shall refer to and mean a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.** SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations or presentations by the Parties or their Counsel that might reveal Protected Material.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**3.** DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing

STIPULATED PROTECTIVE ORDER

any motions or applications for extension of time pursuant to applicable law.

**4.**     DESIGNATING PROTECTED MATERIAL

4.1.   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.2.   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.3.   Manner and Timing of Designations.  Except as otherwise provided in this Order (e.g., see second paragraph of section 4.3(a) below), or as otherwise stipulated or ordered , Disclosure or Discovery Material that qualifies for protection under this Order

must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts or depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition, that the Designating Party identify and designate Protected Material as such on the record and before the close of the deposition or promptly afterwards.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.4.   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**5.**     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1.   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

5.2.   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

5.3.   The Burden of Persuasion in Any Such Challenge Proceeding Shall Be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

- 7 -

STIPULATED PROTECTIVE ORDER

unnecessary expenses and burdens on a Designating Party) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**6.**    ACCESS AND USE OF PROTECTED MATERIAL

6.1.   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for purposes of prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of

Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is deemed reasonably necessary for prosecution and defense of this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel, in camera or under seal;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protected Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**7.**   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)   promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or the Court so orders.  The Designating Party shall bear the burden and

expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**8.**   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**9.**   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the this Order, and, if appropriate, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.**   INADVERTENT PRODUCTION OF PRIVILEDGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in

Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the attorney-client privilege or work product protection is not waived by inadvertent disclosure connected with the Action, and that the provisions of Federal Rule of Evidence 502 apply in this Action and in all proceedings in any other federal or state court.

**11.**   MISCELLANEOUS

11.1   Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2   Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.3   The use, disclosure, or production by the Parties of Protected Material pursuant to this Stipulated Protective Order shall not be deemed to concede the relevancy, competency or admissibility of any document or of any matter set forth therein, and is not intended to be a waiver of any privilege.

11.4   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to

STIPULATED PROTECTIVE ORDER

file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.  If any Party hereto files with the Court any Protected Material or any document that contains, incorporates, reproduces, excerpts or discloses the contents of Protected Material, or the substance thereof, its confidential nature shall be disclosed on the first page of such document and it shall be filed with the Court under seal for in camera review.

11.5   The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court or in other settings that might reveal Protected Material and the information contained therein.

11.6   The protections of this Stipulated Protective Order shall apply retroactively to Protected Material produced by any Party prior to its entry.

11.7   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.

11.8   By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to assert evidentiary objections to the materials covered by this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER

**12.**   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate), all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 3.

**13.**   Any violation of this Order may be punished by any and all appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

STIPULATED PROTECTIVE ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECCORD

**BUTTERFIELD SCHECHTER LLP**

Dated:  January 8, 2016    By: _____/s/_____

Marc S. Schechter
Corey F. Schechter
Paul D. Woodard

Attorneys for Plaintiffs

**WINGET SPADAFORA & SCHWARTZBERG LLP**

Dated:  January 8, 2016    By: _____/s/_____

Brandon S. Reif
Gabriel Z. Reynoso
Richard P. Tricker

Attorneys for Defendant
Zenith American Solutions, Inc.

**TRUCKER HUSS, APC**

Dated:  January 8, 2016    By: _____/s/_____

R. Bradford Huss

I.A.T.S.E. Local 33 Section 401(k) Plan
Administrative Committee; Board Of
Trustees Of The I.A.T.S.E. Local 33 Section
401(k) Plan; Jay V. Barnett; Steven E.
Berkowitz; David K. Green; Faith Raiguel;
Seth A. Stevelman; Lee Zeidman; Darrell
Aranda; Jane E. Leslie; David Dawson;
Gregory Santana; Rosemary C. Phillips; and
William Ford, Sr.

IT IS SO ORDERED.

Dated:  January 8, 2016    By: _____

Hon. Jean P. Rosenbluth
U.S. Magistrate Judge

- 16 -

STIPULATED PROTECTIVE ORDER

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California and entered in the case of *Lowe, et al. v.*

*International Alliance of Theatrical Stage Employees Local 33, et al.*, Case No.

2:15-CV-04650-RGK (JPRx).  I agree to comply with and to be bound by all the

terms of the Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to the Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of the Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of the

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of the Action.


Date: _____

City and State where sworn and signed:

_____

Printed Name: _____

Signature: _____

- 1 -

STIPULATED PROTECTIVE ORDER